IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANDREW S. SLOAT, #20061684,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-00951-JPG |
| ) | |
| **KENNY BENZING,** ) | |
| **RICH STEVENSON, and** ) | |
| **ALLISON ALEXANDER,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Andrew Sloat, a detainee at Marion County Law Enforcement Center ("Jail"), brings this action pursuant to 42 U.S.C. § 1983.  In the Complaint, Plaintiff claims that he was subjected to unconstitutional conditions of confinement that included the denial of medical care at the Jail.  (Doc. 1).  He seeks money damages and immediate release from custody.  (*Id.*).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a).  Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 7-11):  Plaintiff has been subjected to unconstitutional conditions of confinement and denied medical care by the

1

Jail's medical staff during two periods of confinement at the Jail in 2020.[1] He seeks release from custody and reimbursement of medical expenses he incurred to treat his injuries at the Jail.

Plaintiff suffers from an undisclosed illness that causes seizures. (*Id*. at 7-11). He requires prescription medication (Keppra) to prevent them. However, Jail medical staff denied him access to his Keppra. At the same time, Plaintiff was assigned to sleep on a top bunk that had a broken ladder. On or around April 7, 2020, Plaintiff fell from the ladder and broke his jaw. He underwent emergency reconstructive surgery at St. Louis University Hospital. In the process, Plaintiff's jaw was bolted and wired shut. He was then billed for the surgery. (*Id*.).

When Plaintiff returned to the Jail a second time, he informed Jail medical staff that his jaw was in severe pain. He requested removal of the four bolts. Jail medical staff told him to "either deal with the pain" or "find a pair of pl[i]ers." (*Id*. at 10). Plaintiff removed three bolts on his own but was unable to remove the fourth because his skin had grown over it, and he is still in pain.[2]

Based on the allegations in the Complaint, the Court finds it convenient to designate the following enumerated counts in this *pro se* action:

**Count 1:**   Defendants subjected Plaintiff to unconstitutional conditions of confinement at the Jail by assigning him to a top bunk with a ladder that broke and caused him to fall and injure his jaw on or around April 7, 2020, in violation of his constitutional rights.

**Count 2:**   Defendants denied Plaintiff medication (Keppra) needed to prevent seizures during his two periods of confinement at the Jail in 2020, in violation of his constitutional rights.

---

[1] Plaintiff is presently confined at the Jail. He was previously confined there from March 9 to April 7, 2020.
[2] If Plaintiff requires interim relief, he may file a separate motion for a temporary restraining order or preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) or (b) at any time during the pending action. In the motion, Plaintiff should describe exactly what interim relief he requires, the reason he requires it, and the facts that support his request.

      **Count 3:**    Defendants denied Plaintiff adequate follow-up care for his jaw reconstruction surgery, by ignoring his complaints of pain and his requests for removal of four bolts in 2020, in violation of his constitutional rights.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

### Discussion

Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Liability does not "attach unless the individual defendant caused or participated in a constitutional violation." *Id*. at 991. Plaintiff named three individual defendants in this action, including Rich Stevenson, Kenny Benzing, and Allison Alexander. However, he mentions none of them in the statement of his claim. It is thus impossible to discern whether any of the defendants caused or participated in a constitutional violation.

Plaintiff instead refers to "medical staff" throughout the Complaint. (Doc. 1, pp. 7-11). However, he does not identify the individual members of the medical staff. Although "medical staff" could include Nurse Allison Alexander, this generic term certainly does not include Sheriff Rich Stevenson or Jail Administrator Kenny Benzing. Plaintiff's reference to a potentially large, nebulous group of individuals is insufficient to state a claim against any particular individual under Section 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555. Because Plaintiff does not associate any of his claims with a particular individual, the Complaint fails to state a claim upon which relief may be granted and shall be dismissed.

The Court notes that Plaintiff seeks certain relief that is unavailable under Section 1983— release from custody. Section 1983 does not authorize such relief. Plaintiff may obtain money

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

damages and injunctive relief under Section 1983.  If he wishes to pursue his request for release, however, Plaintiff should do so in his underlying criminal case or in a separate habeas action in state or federal court.  This Order does not preclude him from bringing a separate action.

The Complaint does not survive preliminary review and shall be dismissed without prejudice for failure to state a claim.  Plaintiff will have an opportunity to file an Amended Complaint, if he wishes to pursue his claims in this case.  The Court reminds Plaintiff that a successful complaint generally alleges "the who, what, when, where, and how. . . ."  *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.  1990).  Thus, the Amended Complaint should identify who violated Plaintiff's constitutional rights by name, if known, and should include a description of how Plaintiff's rights were violated, which he has not done with his current Complaint.  If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation (*e.g.*, John Doe 1 (doctor)).  Additionally, Plaintiff must name each defendant in the case caption and reference him/her in the body of the Amended Complaint.

### Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.  *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors district court should consider when presented with a request for counsel by a pro se litigant).  Plaintiff has not shown sufficient efforts to locate counsel on his own before seeking the Court's assistance.  Although he disclosed the names of several attorneys he contacted about this matter, Plaintiff provided no information about when he contacted them and what response he received.  He failed to provide copies of any written communications with them.  In addition, Plaintiff discloses no impediments to self-representation (beyond confinement) and has demonstrated his ability to litigate this matter on his own by preparing and filing timely, coherent, and well-organized pleadings to date.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file an Amended Complaint on or before **October 28, 2020**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Amended Complaint. The Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file an Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 9/24/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**