IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW S. SLOAT, #20061684, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-00951-JPG |
| ) | |
| KENNY BENZING, ) | |
| RICH STEVENSON, ) | |
| ALLISON ALEXANDER, ) | |
| DALE EDDINGS, and ) | |
| NURSE JANE DOE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Andrew Sloat on October 1, 2020. (Doc. 10). Plaintiff is a detainee at Marion County Law Enforcement Center ("Jail"). He brings this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that resulted from unconstitutional conditions of confinement at the Jail. (*Id*. at 8-9). He seeks money damages, injunctive relief, and immediate release from custody.[1] (*Id*. at 10-11).

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a

---

[1] The Court again notes that release from custody is unavailable under Section 1983. (*See* Doc. 7, pp. 3-4). If he wishes to pursue his request for release, Plaintiff should do so in his underlying criminal case or in a separate habeas action in state or federal court. Although this Order does not preclude him from bringing a separate action seeking this relief, Plaintiff's request for release shall be denied *in this action*.

1

complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  *See* 28 U.S.C. § 1915A(b).

### First Amended Complaint

Plaintiff sets forth the following allegations (Doc. 10, pp. 8-9):  The claims in this case arise from conditions Plaintiff endured during two separate periods of confinement at the Jail from March 9 - April 7, 2020 and from August 23, 2020 - present.  (*Id*.).

Plaintiff alleges that Sheriff Stevenson, Jail Administrator Benzing, Nurse Alexander, and Nurse Jane Doe #2 denied him access to his prescription medication for seizures, *i.e.*, Keppra.  (*Id*. at 8-9).  He has had no medication during either of his two periods of confinement at the Jail.  (*Id*.).

At the same time, Sheriff Stevenson and Jail Administrator Benzing assigned him to a top bunk with a broken ladder on March 9, 2020.  (*Id*. at 8).  Plaintiff fell from the ladder and fractured his jaw on April 7, 2020.  (*Id*.).  He underwent emergency reconstructive surgery at St. Louis University Hospital.  His jaw was bolted and wired shut, using four screws.

After Plaintiff returned to the Jail on August 23, 2020, Sheriff Stevenson, Jail Administrator Benzing, Nurse Alexander, and Nurse Doe #2 denied him access to medical care. (*Id*. at 8-9).  The defendants responded to his complaints of excruciating pain by telling him to "deal with the pain."  (*Id*. at 9).  They responded to his requests for removal of the four screws by telling him to "find a pair of pliers."  (*Id*.).  Plaintiff did, in fact, remove three of four screws on his own, but he was unable to remove the fourth.  (*Id*.).  When he complained of excruciating pain associated with the remaining screw on September 28, 2020, Nurse Alexander referred to his written grievance as "hate mail" and again recommended "find[ing] a pair of pliers;" Sergeant Eddings refused to contact the doctor to request any treatment recommendations until the following morning.  (*Id*.).

Plaintiff seeks money damages and injunctive relief, including orders: (a) releasing him from custody; (b) reprimanding the defendants; (c) granting him access to Keppra; and/or (d) requiring removal of the fourth bolt from his jaw by an off-site physician. (*Id*. at 10-11).

Based on the allegations in the First Amended Complaint, the Court finds it convenient to designate the following enumerated counts in this *pro se* action:

| | |
|---|---|
| **Count 1:** | Defendants Benzing and Stevenson subjected Plaintiff to unconstitutional conditions of confinement at the Jail by assigning him to a top bunk with a ladder on March 9, 2020 that broke and caused him to fall and injure his jaw on or around April 7, 2020, in violation of his constitutional rights. |
| **Count 2:** | Defendants Benzing, Stevenson, Alexander, and Jane Doe #2 denied Plaintiff medication (Keppra) needed to prevent seizures during his two periods of confinement at the Jail in 2020, in violation of his constitutional rights. |
| **Count 3:** | Defendants Benzing, Stevenson, Alexander, Jane Doe #2, and Sergeant Eddings denied Plaintiff adequate follow-up care for his jaw reconstruction surgery, by ignoring his complains of pain and his requests for removal of four bolts in 2020, in violation of his constitutional rights. |

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Discussion

The applicable legal standard for Counts 1, 2, and 3 depends on Plaintiff's status as a convicted person or a pretrial detainee when his claims arose at the Jail. The Eighth Amendment deliberate indifference standard articulated in *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), is applicable if Plaintiff was a convicted prisoner during the relevant time period. *Estelle v. Gamble*, 429 U.S. 97 (1976). The Fourteenth Amendment objective unreasonableness standard articulated in *Miranda v. County f Lake*, 900 F.3d 335 (7th Cir. 2018), governs Plaintiff's claims, if he was a

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

pretrial detainee. Either way, Counts 1, 2, and 3 survive preliminary review under both standards against the defendants named in connection with each claim above.

## Identification of Nurse Jane Doe #2

Plaintiff shall be allowed to proceed with Counts 2 and 3 against Nurse Jane Doe #2. However, this defendant must be identified with particularity before service of the First Amended Complaint can be made on the nurse. The plaintiff will have the opportunity to engage in limited discovery to ascertain the nurse's identity. In this case, Jail Administrator Benzing will be named as a defendant, in his official capacity (in addition to his individual capacity), and he shall be responsible for responding to discovery aimed at identifying the unknown defendant. Once the name is discovered, Plaintiff must file a motion to substitute the newly identified defendant in place of the generic designation (Nurse Jane Doe #2) in the caption and throughout the First Amended Complaint.

## Request for Immediate Relief

In the First Amended Complaint, Plaintiff requests immediate access to his seizure medication (Keppra) and immediate removal of the fourth screw from his jaw. (Doc. 10, pp. 10-11). He did not file a separate motion seeking a temporary restraining order and/or preliminary injunction pursuant to Federal Rule of Civil Procedure 65. However, the Court deems it appropriate to separately docket this request as a Motion for Preliminary Injunction, in order to address both requests as soon as practicable. Defendants shall file a written response to the motion within seven (7) days of answering or otherwise responding to the First Amended Complaint. The Court will determine whether a hearing is necessary after reviewing said responses.

### Request for Counsel

In his Response to the Order Dismissing Complaint (Doc. 9), Plaintiff seeks reconsideration of the Order denying his First Motion for Recruitment of Counsel (Doc. 7). Plaintiff asks the Court to find that he has demonstrated reasonable efforts to locate counsel on his own before turning to the Court for assistance. He provides mail and phone logs that demonstrate a single attempt to contact counsel before filing suit. Although Plaintiff has since made additional attempts to write counsel on September 21, 22, and 25, he did not allow sufficient time for a response before filing Document 9 on October 1, 2020. Whether construed as a motion for reconsideration of the Order denying his first motion for recruitment of counsel (Doc. 7) or as a second motion for recruitment of counsel, Plaintiff's request for counsel is **DENIED** without prejudice for failure to demonstrate reasonable efforts to locate counsel on his own before seeking the court's assistance. (Doc. 9). Plaintiff may file a new motion for recruitment of counsel at any time he deems it necessary to do so as the case proceeds.

### Disposition

**IT IS ORDERED** that the Amended Complaint (Doc. 10) survives screening, as follows.

- **COUNT 1** against Defendants **KENNY BENZING** and **RICH STEVENSON**;

- **COUNT 2** against Defendants **KENNY BENZING, RICH STEVENSON, ALLISON ALEXANDER,** and **JANE DOE #2**;

- **COUNT 3** against Defendants **KENNY BENZING, RICH STEVENSON, ALLISON ALEXANDER, JANE DOE #2**, and **DALE EDDINGS**.

The claims are considered **DISMISSED** without prejudice for failure to state a claim against any defendants who are not named in connection with each claim. **Because this suit addresses one or more medical claims, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

The Clerk of Court is **DIRECTED** to **ADD** Defendant **KENNY BENZING** (official capacity) in CM/ECF; he shall be responsible for responding to discovery aimed at identifying Nurse Jane Doe #2. In addition, the Clerk's Office is **DIRECTED** to separately docket Plaintiff's Motion for Preliminary Injunction, along with a copy of page 11 of Document 10, in CM/ECF. Defendants are **ORDERED** to file a written Response to Plaintiff's Motion for Preliminary Injunction within seven (7) days of answering or otherwise responding to the Amended Complaint.

Plaintiff's request for release from custody is unavailable in this Section 1983 action and is therefore **DENIED** with prejudice *in this action*. This Order does not preclude him from pursuing this relief in his underlying criminal case, a separate habeas action, or elsewhere.

**IT IS ORDERED** that as to **COUNTS 1, 2,** and **3**, the Clerk of Court shall prepare for Defendants **KENNY BENZING, RICH STEVENSON, ALLISON ALEXANDER, DALE EDDINGS**, and, once identified, **JANE DOE #2**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 10), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be

retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 10/8/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**